### IN THE UNITED STATES BANKRUPCTY COURT
### FOR THE SOUTHERN DISCTRICT OF MISSISSIPPI
### JACKSON DIVISION

WALTER STEWART                                      **PLAINTIFF**

VS.                               **Adversary Proceeding No.:  08-00122-NPO**

THE LAW OFFICES OF
CATOUCHE BODY, LLC, AND
CATOUCHE J.L. BODY                           **DEFENDANTS**

IN RE:                       **Chapter 11 Bankruptcy Case No.: 06-01902-NPO**

TERRY MANN
D/B/A WESLEY MEMORIAL CHAPEL              **DEBTOR**

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO APPEAL

COMES NOW, THE PLAINTIFF, Walter Stewart ("Stewart") in the above styled action and files this, his response to Defendants', The Law Offices of Catouche Body, LLC and Catouche, J.L. Body, hereinafter "Body", Motion for Leave to Appeal and would show unto this Honorable the Court the following in opposition thereof:

### FACTS

1)     Defendant's Motion clearly states that this matter arises out of an attorney client relationship between Stewart and Body in a lawsuit brought in Leake County Chancery Court in an action for the dissolution of a partnership between Stewart and Debtor Terry Mann ("Mann") who were business partners in a funeral home.

2)     The Leake County case, between Stewart as Defendant and Mann as Plaintiff, as settled by an *Agreed Order* entered into record on 26 July 2006.

3)     Futher, as stated in Defendants' Motion, Mann filed for bankruptcy on

1

September 12, 2006 in an action styled *In Re: Terry Mann d/b/a Wesley Memorial Funeral Home*, Case Number 06-01902-NPO.

4)      Following Body's failure to enroll Stewart's judgment, as well as Body's failure to perfect Stewart's lien against Mann's accounts receivables, and as a result of Mann's filing for Bankruptcy, Stewart was left as an unsecured creditor of Mann and thereby, while *technically* able to obtain his recovery as per the 26 July 2006 *Agreed Order*, was left with the reality of having little chance to obtain any meaningful recovery under the terms of Mann's Bankruptcy.

5)      Suit filed in the County Court of Hinds County on July 1, 2008 alleged that Body was liable to Stewart on grounds of professional negligence, breach of contract, and breach of fiduciary duty for failing to take any steps, including enrolling the judgment, filing liens against any personal or business property, to secure Stewart's rights subject to the Agreed Order.

6)      In fact, Stewart's affidavit attached to the July 1, 2008 complaint states that when Stewart questioned Body about why no post order filing to secure Stewart's interests were made, Body replied that "he did not know he needed to do so".

7)  This matter was removed by Body from Hinds County Court to the United States District Court for the Southern District of Mississippi on August 11, 2008 and then the District Court referred the matter to the United States Bankruptcy Court for the Southern District of Mississippi on October 7, 2008.

8)  On February 4, 2009, Defendant Body filed a Motion for Summary Judgment.

9)  On June 19, 2009, the United States Bankruptcy Court for the Southern District of Mississippi issued a Memorandum Opinion and Order Denying Motion for Summary Judgment which involved among other things, a finding that it had jurisdiction over this

2

matter and the two non-debtor parties BUT the United States Bankruptcy Court for the Southern District of Mississippi has made no other findings of fact or conclusions of law.

10)    Stewart has alleged that as a result of Body's negligence, Stewart is now an unsecured creditor in the instant bankruptcy case due to Body's failure to protect and or perfect its security interest in the instant debtor's accounts receivables and believes that Body is liable to him because Body knew or should have known that action post Order of the Leake County Court was necessary in order to complete representation in the matter and protect Stewart's best interests.

## DISCUSSION OF MOTION FOR SUMMARY JUDGMENT

Defendant Body, states in his brief that "Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (*Celotex Corp. v. Catrett*¸ 447 U.S. 317, 325 (1986). Plaintiff Stewart, has filed a complaint for professional negligence against Defendant based on a claim arising out of legal representation by Defendant Body on behalf of Plaintiff.  The existence of an attorney client agreement has not been disputed.  Plaintiff has asserted that as a result of said representation, Defendant erred, resulting in Plaintiff being damaged.  The matter, at this time, cannot be stated with any greater clarity. Defendant disputes error on his part thus making the issue a question for a trier of fact based upon evidence presented – which to date, has not occurred.  Defendant also contests damages alleged in the complaint without forwarding any evidence to the contrary thus making the issue of damages a question for the trier of fact based upon evidence presented – again, which to date, has not occurred.  Plaintiff believes, as per Fed. R. Civ. P. 56(c)(2008), that he has "set forth sufficient facts showing the existence

of genuine issue [or issues] for trial.  More importantly with respect to the Motion before this Court, Defendant has failed to demonstrate that there are no genuine issues of material fact with respect to Plaintiff's complaint and for that reason, Defendant's Motion for Summary Judgment should be denied.

## DISCUSSION

Defendant has correctly stated there are two issues to be considered in this appeal, however, Plaintiff would submit that Defendant has offered only one but framed is as a two part question, leaving a second matter unaddressed before the Court.  In their Motion for Appeal, Defendant states:

"This appeal presents two questions: (1) whether the grant of a security interest to Mann, the Debtor, embodied in the Leake County Order constituted a voidable, preferential transfer from Mann to Stewart, and (2) if so, whether there is no set of facts Stewart can prove to establish that Body caused Stewart damages.  If the answer to both of these questions is "Yes", then Body is entitled to summary judgment as a matter of law."

Counsel's Brief in Support of the Motion for Summary Judgment placed a significant amount of emphasis on 11 U.S.C. §547(b).  Section 11 U.S.C. §547(b) states:

"(b) Except as provided in subsections (c) and (i) of this section of this section, the trustee may avoid any transfer of an interest of Mann in property –
(1)    to or for the benefit of a creditor;
(2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3)    made while Mann was insolvent;
(4)    made –
(A)    on or within 90 days before the date of the filing of the petition; or
(B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

4

(5)      that enables such creditor to receive more than such creditor would receive if –

      (A)      the case were a case under Chapter 7 of this title;

      (B)      the transfer had not been made; and

      (C)      the creditor received payment of such debt to the extent provided by the provisions of this title."

Defendant is selective with their assessment of 11 U.S.C. §547(b) as they fail to address ALL of the elements and each element must be met in order to qualify as a preferential transfer.  First, in consideration of 11 U.S.C. §547(b)(1) the Agreed Order in the Leake County Court was by mutual agreement of the parties and was thus a mere compromise and exchange of assets and liabilities between Mr. Stewart and Mr. Mann. Defendant only assumes the transfer of an interest was "to or for the benefit of the creditor".  Not all compromises and exchanges of assets and liabilities are for benefit.  In fact, Mr. Stewart actually retained some debt from their partnership.  Further, the business which Mr. Stewart agreed to relinquish to Mr. Mann was arguably worth more than the $100,000 Agreed Order reached by the parties.  Thus, Defendant has made no actual showing of a benefit conferred to Mr. Stewart and as a result, Plaintiffs maintain that this is a matter for which the parties should be allowed to contribute evidence for consideration by this Court.

11 U.S. C. §547(b)(2) also states the "transfer" must be "for or on account of an antecedent debt owed by the debtor before such transfer was made".  There was neither a judgment on the merits from the Court nor was there any showing or acknowledgment of debt between the parties in the Leake County case, thus Counsel for Mr. Body mistakenly assumes (b)(2) to be proven and clear in the matter at hand.  Mann's obligation to Stewart could be either debt, bargained for exchange or some other type of transfer in satisfaction of either an obligation or other intent of the parties.  The bottom line is that the clarity of

(b)(2) is not as clear as Defendants assert in their brief.  Therefore, if Defendants wish to maintain this position, they should be required to submit evidence to this Court for consideration and Plaintiff should be allowed to review, question and rebut any evidence submitted.

11 U.S.C. §547(b)(3) requires, for this step to be met, that Mann be insolvent at the time of the transfer, if indeed the *Agreed Order* is considered a transfer under this statute.  No proof of Mann's insolvency has been offered.  In fact, Plaintiff would argue, in addition to his initial pleadings, that it would have been clear error for Mr. Body to advise his client to enter into such an agreement with *someone who was insolvent*, thus, perhaps this is not an assertion Defendants wish to make at this time.  Mr. Mann did not file for bankruptcy until after he made the agreement with Mr. Stewart, thus, Plaintiff would maintain that Mann was not insolvent at the time of the transfer.  If Mann was not insolvent at the time of the "transfer", then the "transfer" does not qualify under 11 U.S.C. §547(b).

With respect to 11 U.S.C. §547(b)(5), Defendant has presented no evidence, only a general conclusion, that Plaintiff would have "receive[d] more than such creditor would receive if the case were a case under Chapter 7 of this title.  In fact, defendants cite in their memorandum that they believe such figures cannot be determined; thus their assertion of this section of 11 U.S.C. §547(b) is contrary to their own position.  If they cannot determine what the difference in Stewart's position as a secured and unsecured creditor, how can they possibly presume to know that Stewart would receive more than if he were a Chapter 7 creditor?  Further, Defendant does not comment on 11 U.S.C. §547(b) 11 U.S.C. §547(b)(5)(B) and (C) therefore, Plaintiff would maintain they have

6

failed to meet their burden required for summary judgment to be granted, in addition to the above sections, for the last two sections of 11 U.S.C. §547(b)(5).

Defendants also rely upon the case *Victory Lane Production, LLC v. Paul, Hastings, Janofsky & Walker, LLP* 409 F.Supp 2d 773, 778 (S.D. Miss 2006). In that case, as stated in Defendant's memorandum, "Judge Barbour held that a plaintiff could not establish proximate cause in an action for legal malpractice where damages were precluded by the defendant/debtor's bankruptcy filing." In the *Victory Lane* case, the bankruptcy was filed BEFORE trial and there were also allegations of a conflict of interest. While this case may have elements similar to the matter at hand, *Victory Lane* is hardly 'on point' with the matter between Stewart and Body. In the matter between Stewart and Body, the bankruptcy was filed *after* the compromise was reached. Body's failure to take any additional action prejudiced Stewart by relegating Stewart's status under the bankruptcy to that of an unsecured creditor as opposed to a secured creditor.

Defendants believe that Stewart's case is analogous to the *Victory Lane* case because of the bankruptcy issue in a case for legal malpractice. In *Victory Lane*, as correctly stated in Defendants' memorandum, "no judgment could have been realized against the defendant in the underlying suit based on the timing and filing of the defendant's bankruptcy petition." *Victory Lane Production, LLC v. Paul, Hastings, Janofsky & Walker, LLP* 409 F.Supp 2d 773, 778 (S.D. Miss 2006). But, to draw the distinction to the case at bar, Stewart had already obtained an order of the court in the matter through his counsel, Body. Body *could* have taken actions to ensure Stewart's status as a secured creditor thus affecting Stewart's status/position in Mann's bankruptcy proceedings. Therefore, contrary to Defendant's assertions, Judge Barbour's ruling in *Victory* is not controlling in the case at bar.

Defendants' also cite *Victory Lane* in stating that "to prevail in his claim for professional negligence, Stewart must establish that he suffered damages as a result of Body's negligence". Stewart can establish that he suffered damages because his attorney took no actions post-Leake County order which resulted in him being an unsecured creditor as opposed to a secured creditor. There can be no doubt that had Body enrolled the Judgment – which is something most attorneys would admit should be done once a judgment is received – or filed any liens against Mann's personal property or the property of Wesley Memorial Chapel, Stewart would have been classified as a secured creditor when Mann filed his bankruptcy petition. If this matter is not clear to the Defendant, the fundamentals of the practice of law and its procedure should be enough to require a showing of evidence by both sides in order to allow a court to decide the matter on the merits.

Defendants further state that "based upon the speculative nature of Stewart's claim for damages against Body, and the Court's explicit rejection of such claims, Stewart cannot establish the damages element of his claim against Body." Defendants base their argument on *University of Southern Mississippi v.* Williams, 891 So. 2d 160 (Miss. 2005). This case concerns a university doctoral student who sued the University of Southern Mississippi, in part for damages resulting from mental anguish. The jury verdict given in the case was $800,000. One issue in the appeal of *Williams* was whether or not the award of damages was speculative. Our facts can be distinguished from the *Williams* case in that Plaintiff here has had no opportunity to establish damages. The Court has the ability to rule based upon the evidence presented and determine if the amount of damages claimed and or awarded are speculative. Defendant has concluded they are speculative, without a finding of that fact, and assumes the ruling in *Williams* is

8

both analogous and controlling.  Defendant also cites *Williams* in its assertion that "the remedy must be such that the breaching party is not charged beyond the trouble the breach caused." *Williams* at 176.  Neither side has presented any evidence at this point in the litigation to demonstrate how much trouble the actually caused Mr. Stewart.  In fact, the Court in *Williams* stated, in the same paragraph, "damages may only be recovered when the evidence presented at trial "removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty." *Williams* at 176.  Plaintiff would submit that this statement suggests a finding of fact based upon the evidence must occur before a Court can determine if the breaching party has been "charged the trouble the breach caused."

Thus, in the memorandum submitted, Defendants arrive at a conclusion without the benefit of any evidence.  Defendants fail to make a sufficient showing that Stewart cannot demonstrate his damages.  There has been no opportunity for either side to conduct discovery in the matter to arrive at the conclusion that Stewart cannot establish his damages.  Stewart strongly disagrees with this deduction as he has already stated he believes he is entitled to, at the very least, the difference between what he would have received as a secured creditor and what he will receive as an unsecured creditor.  For Defendant to assert at this early juncture in this litigation that the amount of Stewart's damages unattainable is premature, unfounded, inconclusive and unreasonable.   Stewart believes he is entitled to the opportunity to conduct discovery with respect to Mann's bankruptcy plan in order to better understand and determine the scope of his damages.

Finally, Defendants assert in their brief that "Stewart's claims against Body arise out of the nonpayment of a debt owed to Stewart by Mann."  The complaint was filed because Body failed to take any action, post-agreed order to secure Stewart's position as

a creditor of Mann.  Stewart has alleged that his damages are a result of  Body's failure to enroll the judgment, file any liens against Mann's personal or business property and or take any other action customary and necessary to protect Stewart.  Damages do not equal debt in this case.  Stewart maintains that he is now an *unsecured creditor* of Mann under the Bankruptcy and had Body taken steps to protect Stewart's interests after the agreed order was entered by the Leake County Court, Stewart would be a *secured creditor*, thus Stewart would be in a better position in Mann's bankruptcy case than he is today.  Had Body enrolled the judgment (which should be common knowledge for any practicing attorney when a monetary judgment is obtained) Stewart would be a secured creditor and thus would have no action against Body for failure to act post agreed order of the Court. Thus, in light of the above, Stewart believes that Defendants' motion for summary judgment with respect to Count One of his complaint should be denied.

Stewart would submit that whether or not the Court deems the transfer from Mann to Stewart to be a voidable, preferential transfer, there remains for litigation, whether or not Body acted in error.  Clearly, enrolling the Leake County Order with the Leake County Circuit and County Court judgment rolls, filing liens on the business' property, such as buildings and vehicles, would have allowed Stewart to become a secured creditor as opposed to an unsecured creditor.  Although Stewart would have been subordinate to any other lien holders on business property, he clearly would have been in a better position than he finds himself today.  Further, Body can argue that Stewart is still entitled to a recovery because he is listed on the bankruptcy, but the stark reality is that he is not likely to ever receive any meaningful recovery because Body, his attorney upon whom he relied to represent him and his bests interests was unaware he was required to anything AFTER obtaining a favorable result for Stewart.  Stewart, at a minimum, should be

10

allowed to present evidence and testimony to a court on this point, therefore, should the Court consider the Defendant's appeal well taken, reverse the Bankruptcy Court's denial of Motion for Summary Judgment only with respect to the ruling regarding the existence of a preferential transfer and allow Stewart to proceed with respect to Body's negligence.

The Bankruptcy Court below denied Defendant's Motion for Summary Judgment because "genuine issues of material fact exist".  The Court below, in it's Memorandum opinion and order Denying Motion for Summary Judgment (hereinafter "lower Court's Opinion") quotes Hibernia Nat'l Bank v. Administracion Sentral Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985), "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed".  The Court below states that it "has never made any findings of fact or conclusions of law"; that "no evidence has been proffered to this Court to establish that the factors contained in § 547 have been met"; and that Body's "Motion is based on a premise not supported by undisputed fact".

The Court below further, after reviewing all pleadings, evidence and documentation thus far presented, found that "genuine issues of material fact exist, including but not limited to, whether the factors contained in § 547 have been met".  The trial Court from which this matter has been appealed recognizes that this case involves issues (as stated above) in addition to just the preferential transfer, as Defendant's Motion would have this Court believe.

Further, "the standard of review applicable to a bankruptcy appeal is the same as that applicable to a court of appeal's review of district court proceedings. *See* 28 U.S.C. § 158(c)(2). Conclusions of law are reviewed *de novo. See In re National Gypsum Co.,* 208 F.3d 498, 504 (5th Cir.2000). "Findings of fact, whether based on oral or documentary

11

evidence, shall not be set aside unless clearly erroneous." *Id.; see also* Bankruptcy Rule 8013." In Re Hollander, (2009 WL 2707445 E.D.La.),2009. As this the Court below stated in its opinion, it "has never made any findings of fact or conclusions of law" and in its opinion, Body's Motion "is based on a premise not supported by undisputed fact." In his Appellate Motion, Body misses the mark in stating "[p]erfection of non-perfection of a security interest has nothing to do with whether or not is constitutes a preferential transfer and may be avoided under 11 U.S.C. § 547(b)". The Court below has reviewed the Motion for Summary Judgment and found that "genuine issues of material fact exist" and Body's Motion fails to demonstrate *clear error* on the part of the Bankruptcy Court.

## CONCLUSION

Defendants base their conclusion on the premises that "there are no genuine issues of material fact regarding the claims and counts of Stewart's Complaint" and that "this Court should therefore, as a matter of law, grant summary judgment in favor of Body". This *conclusion* is flawed as their reasoning is conclusory in itself and has no foundation to date before this Court. In addition to this being stated in Stewart's Opposition to the Motion for Summary Judgment, the Court below made the same observation in its opinion at issue here.

Finally, despite the issue of whether there is a preferential transfer, there remains an issue as to negligence on the part of Body, for which their Motion for Summary Judgment addressed, but their appeal from the Court below failed to argue. The facts remain, there exists a question of *fact* as to whether or not had Body enrolled the order of the Leake County Court and filed liens against the personal and business property of Mann, Stewart would still be involved in Mann's Bankruptcy proceedings, **but** Stewart

12

would be a secured creditor as opposed to an unsecured creditor and there would likely be no complaint against Body.  Further, the Court below has only made TWO decisions in this case that are appealable: 1) does the Court below have jurisdiction over the parties? and 2) is summary judgment in the matter warranted?  The Defendant Body certainly has no reason to appeal the former decision because it was by his motion the case was submitted to the Bankruptcy Court.  With respect to the latter, the Court, with whom the facts and evidence rests has determined questions of fact exist enough to warrant trial in the matter.  Defendant Body has offered nothing more than his interpretation and opinions flowing there from in support of his appeal.  Body has not demonstrated that the Court below was in error in order to justify reversal.  If nothing else, these issues present genuine issues of material fact which should be submitted to this Court for trial.  This Plaintiff respectfully prays this Court to deny Defendants' Appeal, uphold the Court below's decision and remand the case for trial.

THIS the 14th day of October, 2009.

Respectfully submitted,


**WALTER STEWART**

By: /s/ Robert W. Mayhue, Jr.
Robert W. Mayhue, Jr. (MS Bar # 100977)
STEWART AND ASSOCIATES, PLLC
105 Executive Drive, Suite B
Madison, MS  39110
(601) 853-2121
(601) 853-2423 (FAX)

## CERTIFICATE OF SERVICE

I do here by certify that the foregoing pleading was filed electronically through the Court's ECF system and that the same was served electronically on all parties enlisted to receive service electronically on the following:

Craig Geno
Harris Jernigan and Geno
P.O. Box 3380
Ridgeland, MS 39158-3380

Elizabeth Jane Hicks
PHELPS DUNBAR LLP
111 East Capitol Street, Suite 600
Jackson, MS 39201

James G. Wyly, III
Kyle S. Moran
PHELPS DUNBAR, LLP
NorthCourt One, Suite 300
2304 19th Street
Gulfport, MS 39503

SO CERTIFIED, this the 14th day of October, 2009.

By: /s/ Robert W. Mayhue, Jr.
Robert W. Mayhue, Jr. (MS Bar # 100977)
STEWART AND ASSOCIATES, PLLC
105 Executive Drive, Suite B
Madison, MS  39110
(601) 853-2121
(601) 853-2423 (FAX)